# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA
### ***

UNITED STATES OF AMERICA,

                Plaintiff,

vs.

BRANDON WHITE,

                Defendant.

Case No. 2:15–cr–29–GMN–VCF

**ORDER AND**
**REPORT & RECOMMENDATION**

MOTION TO SUPPRESS (#36)
MOTION TO DISMISS (#37)

This matter involves the United States' prosecution of Brandon White for carjacking and brandishing a firearm during a crime of violence. *See* (Indict. #1). Two motions are before the court: Mr. White's Motion to Suppress and Motion to Dismiss. For the reasons stated below, Mr. White's Motion to Dismiss should be denied and a hearing is set on Mr. White's Motion to Suppress for 2:00 p.m., September 17, 2015, in courtroom 3D.

## I. BACKGROUND

A man and a woman were standing in the parking lot of the Fortune Hotel on East Flamingo Road when someone "approached them from behind and robbed them." (Def.'s Mot. (#36) at 2:5–6). The person had a gun. He ordered the couple to "throw their possessions on the ground, including [their] cell phones and keys." (*Id*. at 2:10–11). The couple complied; the person took their belongings; and the couple fled into their hotel room and called the police.

When the police arrived, the couple explained what had happened, learned that their car had been stolen, and stated that the robber had been wearing a grey hooded sweatshirt and jeans. A police officer let the woman use a find-my-phone app on the police officer's phone. She entered her credentials and the

police received a GPS signal with the location of her stolen phone. The phone was near the intersection of Rancho Destino and Robindale.

The stolen car was soon discovered and suspect who matched the description provided by the couple was found nearby. The police brought the couple to the scene and provided each of them with a "Show-Up Witness" form, which stated:

> In a moment, I am going to show you a person who is being detained. This person may or may not be a person who committed the crime now being investigated. The fact that this person is detained should not cause you to believe or guess that he/she is guilty. You do not have to identify anyone. It is just as important to free innocent person from suspicion as it is to identify those who are guilty. Please keep in mind that clothing can be easily changed. Please do not talk to anyone other than police officers while viewing this person. You must make up your own mind and not be influenced by other witnesses, if any. When you have viewed the person, please tell me whether or not you can make identification. If you can, tell me in your own words how sure you are of your identification. Please do not indicate in any way to other witnesses that you have or have not made an identification. Thank you.

(Doc. #42-1 at 2).

The man was presented with the suspect and wrote on the form, "[g]rey sweatshirt, jeans, and shoes are a match for what the suspect was wearing when he held me and my girlfriend at gunpoint and took my possessions. When at gunpoint, the suspect's face and head were completely covered, so I am unable to say anything about a match relative to the suspect's face or head. Height and build are a match to the suspect." (*Id*. at 3). The woman was presented with the suspect and wrote on the form, "[t]he subject was wearing the same gray hoodie and jeans when he carjacked/robbed us at gunpoint. I am 100% positive." (*Id*. at 2).

The suspect was later identified as Brandon White and indicted for carjacking and brandishing a firearm during a crime of violence. Now, Mr. White moves to suppress the couple's identifications, arguing that the process was "overly suggestive." (Doc. #36 at 3:26). He also moves to dismiss the

2

indictment because "there is absolutely no evidence that the vehicle was taken from the presence of the victim." (Doc. #37 at 2:20–1).

## II. LEGAL STANDARD

Federal Rule of Criminal Procedure 12 governs pleadings and pretrial motions. Under Rule 12(b)(3)(A), a criminal defendant "must" move to dismiss the indictment before trial if there is an alleged "defect in instituting the prosecution." *See* FED. R. CRIM. P. 12(b)(3)(A); *United States v. Schafer*, 625 F.3d 629, 635 (9th Cir. 2010). An indictment is sufficient if it (1) presents the essential elements of the charged offense, (2) notifies the accused of the charges to be defended against, and (3) enables the accused to rely upon a judgment under the indictment as a bar against double jeopardy for any subsequent prosecution. *Hamling v. United States*, 418 U.S. 87, 117 (1974) (citations omitted); *see also* FED. R. CRIM. P. 7(c). This means that an indictment is sufficient under the rules if the legal allegations are conclusory. *See id*; *accord United States v. Salman*, 378 F.3d 1266, 1268 (11th Cir. 2004) ("The indictment is sufficient if it charges in the language of the statute.").

When examining a motion to dismiss under Rule 12, the court must take the indictment's allegations as true. 1A WRIGHT & LEIPOLD, FEDERAL PRACTICE & PROCEDURE: CRIMINAL 4TH § 194 (citing, *inter alia*, *United States v. Sampson*, 371 U.S. 75, 78–79 (1962)). If the four corners of the indictment are sufficient, "the district court is bound by the . . . indictment." *See United States v. Boren*, 278 F.3d 911, 914 (9th Cir. 2002). If necessary, the court may make preliminary findings of fact to decide questions of law, such as whether the defendant will be exposed to double jeopardy. *See United States v. Shortt Accountancy Corp.*, 785 F.2d 1448, 1452 (9th Cir. 1986). However, the court may not invade the province of the jury and decide by pretrial motion matters "of the general issue." *Id.*; FED. R. CRIM. P. 12(b)(2) ("A party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial of the general issue").

3

When deciding a pretrial motion brought under Rule 12, the court's role is merely to determine whether the indictment is facially valid, and not whether either party is entitled to judgment on the pleadings. *See, e.g.*, *United States v. Titterington*, 374 F.3d 453, 457 (6th Cir. 2004) ("[A] pretrial motion alleging a 'defect in the indictment' under [Rule] 12(b)(3)(B), represents the modern equivalent of a 'demurrer' because both pleadings serve to attack the facial validity of the indictment"); *United States v. Jensen*, 93 F.3d 667, 669 (9th Cir. 1996) (citation omitted) ("A motion to dismiss the indictment cannot be used as a device for a summary trial of the evidence").

## III. DISCUSSION

Mr. White moves to dismiss the government's indictment because "there is absolutely no evidence that the vehicle was taken from the presence of the victim" and, therefore, "the crime committed is simply theft of a vehicle" and not carjacking, as it is defined in the statute. Assuming, *arguendo*, that Mr. White is correct, his motion to dismiss must be denied.

There is no summary judgment in a federal criminal prosecution. *Jensen*, 93 F.3d at 669. An indictment need only provide a defendant with notice of the charges against him. Here, the government's indictment provides sufficient notice because it (1) presents the essential elements of the charged offenses, (2) notifies the accused of the charges against him, and (3) enables him to rely upon a judgment under the indictment as a bar against double jeopardy. *See Hamling*, 418 U.S. at 117. Mr. White's concerns regarding the sufficiency of the evidence are irrelevant to the court's inquiry under Rule 12. Therefore, his Motion to Dismiss should be denied.

ACCORDINGLY, and for good cause shown,

IT IS RECOMMENDED that Mr. White's Motion to Dismiss (#37) should be denied.

IT IS ORDERED that Mr. White's Motion to Suppress (#36) is set for an evidentiary hearing on September 17, 2015 at 2:00 p.m., in courtroom 3D.

4

DATED this 9th day of September, 2015.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE