**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | Case No. 2:15–cr–29–GMN–VCF |
| vs. | **REPORT & RECOMMENDATION** |
| BRANDON MICHAEL WHITE, | MOTION TO DISMISS (#56) |
| Defendant. | |

      This matter involves the United States' prosecution of Brandon Michael White for carjacking under 18 U.S.C. § 2119 and 18 U.S.C. § 924(c)(1)(A). Before the court is Mr. White's Motion to Dismiss (#56). The government filed an opposition (#64) and Mr. White replied (#65). For the reasons stated below, Mr. White's motion should be denied.

**A. Background**

      On December 26, 2014, Mr. White allegedly brandished a gun, robbed a couple in a parking lot in Las Vegas, and fled in their car. *See* (Doc. #55 at 1–2) (discussing the underlying event in more detail). This resulted in a three-count indictment against him. *See* (Indict. #11). Two of those counts are relevant here.

      Count one charges Mr. White with carjacking under 18 U.S.C. § 2119. In pertinent part, that statute provides that the offense of carjacking is committed when a defendant "takes a motor vehicle . . . from the person or presence of another . . . by force and violence or by intimidation, or attempts to do so." *Id*. Count two charges Mr. White under 18 U.S.C. § 924(c)(1)(A), which imposes an enhanced penalty on a defendant who uses a firearm during "a crime of violence." *Id*. The government alleges that the carjacking charge provides a valid predicate for an enhanced penalty under 18 U.S.C. § 924(c)(1)(A).

The government bases this allegation on 18 U.S.C. § 924(c)(3), which defines the term "crime of violence." In pertinent part, it states that "crime of violence" means "an offense that is a felony and (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offence." 18 U.S.C. § 924(c)(3). Subsection A is commonly referred to as the elements or force clause (hereinafter "elements clause"). Subsection B is commonly referred to as the residual clause.

Mr. White contends that count two should be dismissed because (1) carjacking is not a "crime of violence" as defined by the elements clause and (2) the residual clause is unconstitutional under the Supreme Court's recent decision in *Johnson v. United States*, which determined that a substantially similar residual clause[1] is void for vagueness. 135 S. Ct. 2551, 2557–58 (2015). This report and recommendation follows.

### B. Legal Standard

Federal Rule of Criminal Procedure 12 governs pleadings and pretrial motions. Under Rule 12(b) a criminal defendant may move to dismiss the indictment. *See* FED. R. CRIM. P. 12(b); *United States v. Schafer*, 625 F.3d 629, 635 (9th Cir. 2010). An indictment is sufficient if it (1) presents the essential elements of the charged offense, (2) notifies the accused of the charges to be defended against, and (3) enables the accused to rely upon a judgment under the indictment as a bar against double jeopardy for any subsequent prosecution. *Hamling v. United States*, 418 U.S. 87, 117 (1974) (citations omitted).

When examining a motion to dismiss under Rule 12, the court must take the indictment's allegations as true. 1A WRIGHT & LEIPOLD, FEDERAL PRACTICE & PROCEDURE: CRIMINAL 4TH

---

[1] The residual clause in *Johnson* read ". . . or otherwise involves conduct that presents a serious potential risk of physical injury to another." 135 S. Ct. at 2556–57.

§ 194 (citing, *inter alia*, *United States v. Sampson*, 371 U.S. 75, 78–79 (1962)). If the four corners of the indictment are sufficient, "the district court is bound by the . . . indictment." *See United States v. Boren*, 278 F.3d 911, 914 (9th Cir. 2002). If necessary, the court may make preliminary findings of fact to decide questions of law such as jurisdiction. *United States v. Shortt Accountancy Corp.*, 785 F.2d 1448, 1452 (9th Cir. 1986). However, the court may not invade the province of the jury and decide by pretrial motion matters "of the general issue." *Id.*; FED. R. CRIM. P. 12(b)(2) ("A party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial of the general issue").

The court's role is merely to determine whether the indictment is facially valid, and not whether either party is entitled to judgment on the pleadings. *See, e.g.*, *United States v. Titterington*, 374 F.3d 453, 457 (6th Cir. 2004) ("[A] pretrial motion alleging a 'defect in the indictment' under [Rule] 12(b)(3)(B), represents the modern equivalent of a 'demurrer' because both pleadings serve to attack the facial validity of the indictment"); *United States v. Jensen*, 93 F.3d 667, 669 (9th Cir. 1996) (citation omitted) ("A motion to dismiss the indictment cannot be used as a device for a summary trial of the evidence").

### C. Analysis

Mr. White's motion to dismiss presents two questions: (1) whether carjacking is a "crime of violence" as defined by the elements clause and (2) whether the residual clause is unconstitutional under *Johnson*, 135 S. Ct. at 2557–58.

In answering the first question, the court finds that the government's indictment is facially valid because carjacking is a crime of violence, as defined by 18 U.S.C. § 924(c)(3). The offense of carjacking occurs when a defendant "takes a motor vehicle . . . from the person or presence of another . . . by force and violence or by intimidation, or attempts to do so." 18 U.S.C. § 2119. To obtain a conviction for carjacking, the government must prove, *inter alia*, that the defendant took a motor vehicle "by force and violence or by intimidation." *United States v. Fekete*, 535 F.3d 471, 476 (6th Cir. 1008); *accord United*

*States v. Murray*, 56 F.3d 74 at *3 n.1 (9th Cir. 1995) (mem. dispo.). Because one of the elements of carjacking is "by force and violence or by intimidation," carjacking qualifies as a "crime of violence" under 18 U.S.C. § 924(c)(3)'s elements clause, which defines a crime of violence as "the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 924(c)(3)(A).

Mr. White contends that carjacking is not a crime of violence under the elements clause because that clause requires that "the offence must have an element of 'physical force'" and carjacking "can be accomplished by 'intimidation,' which does not require the use, attempted use, or threatened use" of physical force." (Def.'s Mot. (#56) at 4:8–14). In other words, Mr. White argues that because carjacking sometimes occurs when force is applied and sometimes occurs when intimidation is applied, carjacking can never be a crime of violence because only some carjackings involve the use of force. The court disagrees.

When reviewing a motions to dismiss, it is not the court's role to determine whether a party is entitled to judgment on the pleadings. *Titterington*, 374 F.3d at 457; *Jensen*, 93 F.3d at 669. The court's role is to look at the indictment's four concerns and determine whether the charges contained in the indictment match the conduct that Congress has criminalized in the relevant statute. *Id*. A jury may eventually determine that Mr. White committed the offense of carjacking through intimidation. The jury may, therefore, conclude that Mr. White did not commit a crime of violence. But these considerations are for the jury, not the court.

18 U.S.C. § 2119 criminalizes carjacking by force or intimidation. In turn, 18 U.S.C. § 924(c) renders carjacking a crime of violence if the carjacking was committed by use of force. Here, Mr. White was charged with carjacking under 18 U.S.C. § 2119 and committing a crime of violence under 18 U.S.C. § 924(c). These two charges are consistent and, therefore, the government's indictment is facially valid.

4

Rather than determine whether the indictment is facially valid under Rule 12, Mr. White argues that the court's analysis of the indictment should mirror the analysis of convictions that courts apply during sentencing proceedings. That is, the court should use what is known as the "categorical approach" to determine if carjacking is categorically a crime of violence. *See* (Def.'s Mot. (#56) at 3:22–27). The court is unpersuaded. As recently noted by the Honorable Nancy J. Koppe, U.S. Magistrate Judge for the District of Nevada, "[t]he categorical approach . . . 'has been rarely utilized outside its original intended purpose'"—sentencing proceedings. *United States v. Jaime Sandoval*, 2:15–cr–159–JCM–NJK, Doc. #34 at *3 (D. Nev. Oct. 27, 2015) (citation omitted).

Even if the court were to apply the type of analysis that is used in sentencing proceedings, the court would apply the modified categorical approach, which governs statues like 18 U.S.C. § 2119 that "set[] out one or more elements of the offense in the alternative." *Descamps v. United States*, 133 S. Ct. 2276, 2281, *reh'g denied*, 134 S. Ct. 41 (2013). Under his approach, a predicate offence may be considered a crime of violence under 18 U.S.C. § 924(c) if one of the alternative elements involves force. *See Sandoval*, 2:15–cr–159–JCM–NJK, Doc. #34 at *4 (citing *Descamps*, 133 S. Ct. at 2281). Here, one of the alternative elements of carjacking involves the use of force. As a result, carjacking may be considered a crime of violence under the elements clause of 18 U.S.C. § 924(c)(3)(A).

Other courts in this district have reached the same conclusion. *See Sandoval*, 2:15–cr–159–JCM–NJK, Doc. #34 at *6 ("[T]he Court finds that carjacking is a crime of violence under 18 U.S.C. § 924(c)(3)(A)). And other courts in other districts have reached this conclusion. *See, e.g.*, *United States v. Mills*, No. 15–cr–55–MOC–DCK, 2015 WL 6672537, at *1 (W.D.N.C. Oct. 30, 2015).

Therefore, because carjacking may be considered a crime of violence under the elements clause, it is unnecessary for the court to determine whether the residual clause is unconstitutional under *Johnson*.

*See Ashwander v. Tenn. Valley Auth.*, 56 S. Ct. 466, 483 (1936) ("It is not the habit of the court to decide questions of a constitutional nature unless absolutely necessary to a decision of the case.").

ACCORDINGLY, and for good cause shown,

IT IS RECOMMENDED that Mr. White Motion to Dismiss (#56) be DENIED.

IT IS SO RECOMMENDED

DATED this 17th day of November, 2015.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE