**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Case No.: 2:15-cr-29-GMN-VCF |
| vs. ) | |
| ) | **ORDER** |
| BRANDON MICHAEL WHITE, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Pending before the Court is the Report and Recommendation (ECF No. 55) entered by Magistrate Judge Cam Ferenbach on October 5, 2015, denying Defendant Brandon Michael White's ("Defendant's") Motion to Suppress Identification (ECF No. 36). Defendant timely filed his Objection, (ECF No. 63), to which the Government filed a Response, (ECF No. 68).

Also pending before the Court is the Report and Recommendation (ECF No. 69) entered by Judge Ferenbach on November 17, 2015, denying Defendant's Motion to Dismiss Count II of the Indictment (ECF No. 56). Defendant also timely filed an Objection to this Report and Recommendation, (ECF No. 76), to which the Government filed a Response, (ECF No. 80).

I.   **BACKGROUND**

On January 27, 2015, an Indictment (ECF No. 11) was entered charging Defendant with Count One of Carjacking, in violation of 18 U.S.C. § 2119; Count Two of Use of a Firearm During and in Relation to a Crime of Violence, in violation of 18 U.S.C. § 924(c)(1)(A); and Count Three of Felon in Possession of a Firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). The Indictment charges that on December 26, 2014, Defendant knowingly took a 2010 Mazda "3" sedan "by force and violence and by intimidation." (Indictment ¶ 1, ECF No. 11). As Judge Ferenbach describes, a couple was approached from behind by an assailant

1   with a gun and ordered to put their belongings on the ground. (R. & R. 1:14–17, ECF No. 55).

2   The couple obeyed, then ran away and contacted the police. (*Id.* at 1:17–18).  When police

3   arrived, the couple realized their car was gone. (*Id.* at 1:19–20).  They described their assailant

4   as "wearing a grey hooded sweatshirt and whitewashed jeans." (*Id.* at 1:20).  The police soon

5   located the stolen car, and a "suspect who matched the description provided by the couple was

6   found nearby." (*Id.* at 2:2–4).  The witnesses were driven to the scene separately, viewed the

7   suspect in custody, and each filled out a "Show-Up Witness" form. (*Id.* at 2:3–4, 4:20–21).

8   Judge Ferenbach described both the form and each witness's statement in his Report and

9   Recommendation. (*Id.* at 2:4–19).

10        In his Motion to Suppress, Defendant seeks a determination from this Court that the

11   witness identification was overly suggestive and unreliable, thereby violating Defendant's due

12   process rights. (Mot. to Suppress 3:25–5:19, ECF No. 36).  As such, Defendant argues that

13   testimony and evidence of these identifications should be suppressed and excluded from trial.

14   (*Id.*).  However, Judge Ferenbach found that the identification process employed by the police

15   was "not so impermissibly suggestive as to give rise to a substantial likelihood of mistaken

16   identification," so he recommended denial of the motion. (R. & R. 5:1–2, ECF No. 55) (internal

17   quotation marks omitted).  Further, assuming *arguendo* that the process was impermissibly

18   suggestive, Judge Ferenbach then moved on to the second step of the identification analysis and

19   reviewed the five reliability factors. (*Id.* at 5:1–7:2).  He ultimately found that each factor

20   weighed in favor of the government, and as such, the identification was also reliable. (*Id.*)

21        In his Motion to Dismiss, Defendant seeks to dismiss Count Two of the Indictment

22   because "the predicate carjacking offense as defined by [18 U.S.C.] § 2119 does not qualify as

23   a 'crime of violence' as a matter of law." (Mot. to Dismiss 3, ECF No. 56).  First, Defendant

24   argues that the crime "categorically fails under [18 U.S.C.] § 924(c)(3)(A)'s force clause"

25   because it "can be committed through 'intimidation' and not violent physical force." (*Id.*)

1   Second, Defendant contends that carjacking cannot be a "crime of violence" as defined by 18

2   U.S.C. § 924(c)(3)(B) either because this provision is unconstitutionally vague under *Johnson*

3   *v. United States,* 559 U.S. 133 (2010). (*Id.*).  In his Report and Recommendation, Judge

4   Ferenbach rejected both of these arguments and recommended denial of the Motion. (R. & R.

5   3:19–20, 5:22–24, ECF No. 69).

6   **II.     LEGAL STANDARD**

7        A party may file specific written objections to the findings and recommendations of a

8   United States Magistrate Judge made pursuant to Local Rule IB 1–4. 28 U.S.C. § 636(b)(1)(B);

9   D. Nev. R. IB 3–2.  Upon the filing of such objections, the Court must make a *de novo*

10  determination of those portions of the Report to which objections are made. *Id.*  The Court may

11  accept, reject, or modify, in whole or in part, the findings or recommendations of the Magistrate

12  Judge. 28 U.S.C. § 636(b)(1); D. Nev. IB 3–2(b).

13  **III.    DISCUSSION**

14  **1. Motion to Suppress**

15       Defendant asserts two objections to Judge Ferenbach's Report and Recommendation

16  denying his Motion to Suppress Identification. (Obj., ECF No. 63).  First, Defendant argues

17  that Judge Ferenbach erred by "overly underestimate[ing] the inherently suggestive nature of a

18  show up line up of one suspect as was conducted in this case." (*Id.* at 2:10–3:12).  Second,

19  Defendant argues that Judge Ferenbach erred by recommending that "the identification was

20  nonetheless reliable." (*Id.* at 3:13–4:18).  Both objections, however, amount to little more than

21  the reassertion of the same arguments presented in Defendant's Motion to Suppress.

22       Having reviewed the record in this case, the Court agrees with the analysis and findings

23  of Judge Ferenbach in his Report and Recommendation (ECF No. 55) denying the Motion to

24  Suppress and incorporates them by reference in this order.  Specifically, regarding the first

25  objection, the Court finds that *United States v. Kessler*, 692 F.2d 584 (9th Cir. 1982) is

controlling.  In *Kessler*, the defendant was called a "suspect" and shown to the witnesses while "in handcuffs and surrounded by police officers." *Kessler*, 692 F.2d at 586.  The *Kessler* Court specifically stated that "[t]he use of handcuffs or other indicia of custody will not invalidate a show-up, at least where necessary for the prompt and orderly presentation of the suspect, consistent with the protection of the officers and witnesses." *Id.*  Further, in *Kessler*, the court emphasized that the actions of the police in not "encourag[ing] or permitt[ing] group consultation" and providing "careful and proper explanation that no inference was to be drawn from the fact of custody or the use of handcuffs." *Id.*  Here, Defendant was similarly "held in handcuffs standing in front of patrol cars" at the time of the identification. (Mot. to Suppress 3:17–18, ECF No. 36).  Also, the police here acted in a similar manner to those in *Kessler* by keeping the witnesses separated and giving them appropriate admonishments. (*See* R. & R. 4:19–25, ECF No. 55).  Regardless of earlier case law and case law of other circuits provided by Defendant to suggest that the identification was inherently suggestive, the Ninth Circuit has clearly ruled this specific situation to be within the confines of due process.  Further, because the Court has determined that Judge Ferenbach did not err in determining that the identification was not impermissibly suggestive, Defendant's second objection as to the identification's reliability is moot.

Accordingly, the Court adopts the Report and Recommendation (ECF No. 55) and denies Defendant's Motion to Suppress (ECF No. 36).

**2. Motion to Dismiss**

Defendant asserts three objections to Judge Ferenbach's Report and Recommendation denying his Motion to Dismiss Count Two of the Indictment. (Obj., ECF No. 76).  First, Defendant argues that Judge Ferenbach erred because "the question raised is not a question for the jury as it is a question of law." (*Id.* at 2:3–4).  Second, Defendant contends that Judge Ferenbach erred because "the motion did not challenge the facial validity of the indictment" but

"whether Count II fails to state a crime." (*Id.* at 2:4–5).  Third, Defendant argues that Judge Ferenbach erred by using the modified categorical approach to determine that "the indictment itself alleges alternative elements of the carjacking crime." (*Id.* at 2:5–7).  All three objections, however, do not present new or rebuttal legal arguments, but rather request that this Court rejects Judge Ferenbach's determinations.

Having reviewed the record in this case, the Court agrees with the analysis and findings of Judge Ferenbach in his Report and Recommendation (ECF No. 69) denying the Motion to Dismiss and incorporates them by reference in this order.  The mere possibility that there is a way to commit carjacking without violence is not a sufficient basis for dismissing Count Two of the Indictment. (*See* R. & R. 3:19–4:5, ECF No. 69).  The Indictment articulates the carjacking count (Count One) in such a way that it could be a crime of violence; therefore, the Court cannot dismiss Count Two at this stage.

Accordingly, the Court adopts the Report and Recommendation (ECF No. 69) and denies Defendant's Motion to Dismiss (ECF No. 56).

## IV.   CONCLUSION

**IT IS HEREBY ORDERED** that the Report and Recommendations (ECF Nos. 55 and 69) are **ACCEPTED and ADOPTED in full**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Suppress (ECF No. 36) and Motion to Dismiss (ECF No. 56) are **DENIED**.

**DATED** this _____28_____ day of January, 2016.

_____
Gloria M. Navarro, Chief Judge
United States District Court