**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

BRANDON MICHAEL WHITE,

        Defendant.

Case No. 2:15–cr–29–GMN–VCF

**REPORT AND RECOMMENDATION**

MOTION TO DISMISS COUNT FOUR OF THE INDICTMENT (DOC. #93)

      This matter involves the United Sates of America's prosecution of Brandon Michael White. Before the court is White's motion to dismiss count four of his indictment (Doc. #93), and the Government's response (Doc. #97). White did not reply.[1] For the reasons stated below, White's motion should be denied.

## I. Background

      On December 26, 2014, an individual, later identified as Defendant White, approached the victims, T.S. and A.J., from behind and demanded their property. (Doc. #97-1 at 5). White allegedly pointed a silver handgun at the victims. (Id.). The victims complied with White's demand; they placed their personal property, including money and cell phones, on the ground. (Id.). Victim T.S. also placed his car keys on the ground. (Id.). The victims then fled. (Id.). White took the victims' personal property and fled the scene in T.S.'s vehicle. (Id.). White was apprehended at a nearby hotel. (Id. at 6). A backpack, that contained some of the victims' personal property and a silver handgun, was found in the hotel's parking lot. (Id.).

---

[1] White's reply was due on March 14, 2016. (Doc. #96). As of March 15, 2016, no reply has been filed with the court.

White was subsequently indicted by a federal grand jury on, one count of carjacking, one count of robbery, one count of being a felon in possession of a firearm, and two counts of use of a firearm during and in relation to a crime of violence. (Doc. #89).

## II. Legal Standard

A criminal defendant must raise issues related to "a defect in the indictment or information including … charging the same offense in more than one count (multiplicity)" in a pretrial motion to dismiss. FED. R. CRIM. P. 12(b)(3)(B)(ii). The court's role when deciding a Rule 12 motion to dismiss is to determine whether the indictment is facially valid, not whether either party is entitled to judgment on the pleadings. *United States v. Jensen*, 93 F.3d 667, 669 (9th Cir. 1996). When deciding a Rule 12 motion to dismiss, the court must take the indictments allegations as true. *United States v. Sampson*, 371 U.S. 75-78-79 (1962).

## III. Discussion

The parties raise two issues: (1) whether count four of White's indictment is multiplicative of count two and (2) whether a violation of 18 U.S.C. § 1951 – Interference with Commerce by Robbery is a crime of violence under 18 U.S.C. § 924(c).

1.  Count Four is Not Multiplicative of Count Two

"[A] defendant may be convicted and sentenced for multiple violations of § 924(c) so long as 'each 924(c)(1) count [is] supported by a separate predicate offense.'" *United States v. Beltran-Moreno*, 556 F.3d 913, 916 (9th Cir. 2009) (quoting *United States v. Smith*, 924 F.2d 889, 894 (9th Cir. 1991)). "Whether or not one predicate offense is independent from another depends on whether the two offenses would be independent for double jeopardy purposes under the *Blockburger* test." *Id.*

"The applicable rule is that, where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only

2

one, is whether each provision requires proof of a fact which the other does not." *Blockburger v. United States*, 284 U.S. 299, 304 (1932).

Here, an application of the *Blockburger* test shows that White was properly charged with carjacking, in violation of 18 U.S.C. § 2119, and robbery, in violation of 18 U.S.C. § 1951.  Each crime requires the Government to prove a fact that the other does not.  *Id.*  Carjacking requires the Government to show that White dispossessed the victims of "a motor vehicle that has been transported, shipped, or received in interstate or foreign commerce," while robbery, in violation of  § 1951, requires the Government to show that White's taking of the victims' personal property interfered with interstate commerce.  As White was properly indicted on both carjacking and robbery, each count may support its own § 924(c) charge.

The Ninth Circuit has held that so long as a defendant can be properly charged with each separate predicate offense, each predicate offense may support its own § 924(c) violation; even if the predicate offenses were committed simultaneously during a single course of conduct.  *United States v. Andrews*, 75 F.3d 552, 557-58 (9th Cir. 1996); *see also United States v. Fontanilla*, 849 F.2d 1257, 1258-59 (9th Cir. 1988).  In *Andrews*, the defendant was properly convicted of four violations of § 924(c) arising out of an incident where she participated in a shooting that killed two individual and injured two others.  The Ninth Circuit held that the defendant was properly charged and convicted of four separate predicate offenses arising out of the shooting, each predicate offense could support its own § 924(c) violation, and the defendant was properly convicted of four counts of violating § 924(c).  *Id.*

White's reliance on *United States v. Finley*, to argue that his continued possession of a single firearm during the alleged carjacking and robbery may only support a single § 924(c) charge, is misplaced.  245 F.3d 199 (2d Cir. 2001).  In *Finley*, the defendant was convicted of possession of a controlled substance and sale of a portion of the same quantity of the controlled substance.  *Id.* at 206.

3

The defendant was also convicted of two counts of violating § 924(c) as he constructively possessed a sawed-off shotgun during the charged drug sale and his subsequent possession of the remaining quantity of drugs. *Id.* The Second Circuit held that, although the defendant had been convicted of two separate predicate offenses, he could only be properly convicted of one violation of § 924(c). *Id.* at 207. The Second Circuit reasoned that it was not clear whether Congress intended § 924(c) to punish the continued, constructive possession of a firearm across several simultaneous crimes arising out of virtually the same conduct, thus the rule of lenity[2] mandated that the defendant could only be properly convicted of one violation of § 924(c). *Id.* The Second Circuit, however, limited *Finley*'s holding to instances where the defendant was in constructive, passive possession of a firearm while the predicate offenses are committed, rather than instances where the firearm is actively used in the commission of simultaneous predicate offenses. *See id.* at 208 n. 7. Here, *Finley* is inapplicable; the Government alleges that White pointed a handgun at both victims during the course of the carjacking and robbery. (Doc. #97-1 at 5).

White's reliance on *United States v. Wilson*, is similarly misplaced. 160 F.3d 732 (D.C. Cir. 1998). In *Wilson*, the defendant was charged and convicted of killing a witness with intent to prevent him from testifying and retaliation against a witness arising out of the murder of a government witness. *Id.* at 736. The defendant was also charged and convicted of two violations of § 924(c). *Id.* The Court of Appeals for the District of Columbia Circuit held the defendant could only be properly convicted of one violation of § 924(c) as both predicate offenses arose out of a single murder. *Id.* at 749. The *Wilson* court reasoned that the defendant had only committed one murder, despite being properly charged and

---

[2] The "rule of lenity" states that "if Congress does not fix the punishment for a federal offense clearly and without ambiguity, doubt will be resolved against turning a single transaction into multiple offenses." *Bell v. United States*, 349 U.S. 81, 84 (1955).

convicted of multiple statutory violations based on the victim's status as a government witness, thus the defendant had only used a firearm in the commission of one crime. *Id.* Further, the Wilson court expressly distinguished the applicable Ninth Circuit authority on this issue, *United States v. Andrews*, reasoning that the *Andrews* defendant's participation in a shooting with multiple victims resulted in four separate crimes being committed, rather than a single murder giving rise to multiple statutory violations. *See id.* at 749 n. 21. Here, *Wilson* is inapplicable. White is alleged to have carjacked and robbed both victims; the taking of vehicle and the taking of U.S. currency give rise to separate crimes.

2. <u>Robbery in Violation of 18 U.S.C. § 1951 is a Crime of Violence</u>

"Whoever in any way or degree obstructs, delays or affects commerce or the movement of any article or commodity in commerce, by robbery … shall be fined under this title or imprisoned not more than twenty year." 18 U.S.C. § 1951(a). "The tern 'robbery' means the unlawful taking or obtaining of personal property from the person or in the presence of another against his will, by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his person or property, or property in his custody or possession, or the person or property of a relative or member of his family or of anyone in his company at the time of the taking or obtaining." 18 U.S.C. § 1951(b)(1).

"[A]ny person who, during and in relation to any crime of violence … for which the person may be prosecuted in a court of the United States, uses or carries a firearm … shall, in addition to the punishment provided for such crime of violence … be sentenced to a term of imprisonment of not less than 5 years." 18 U.S.C. § 924(c)(1)(A)(i).

"For purposes of this subsection, the term 'crime of violence' means an offense that is a felony and has as an element the use, attempted use or threatened use of physical force against the person or property of another." 18 U.S.C. § 924(c)(3)(A) (commonly known as the "elements clause"). A "crime of violence" may also be, a felony "that by its natures, involves a substantial risk that physical force

against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 924(c)(3)(B) (commonly known as the "residual clause").

White's robbery, in violation of 18 U.S.C. § 1951, is a crime of violence for purposes of §924(c). White's argument that his alleged robbery is not a "crime of violence" since he could have been accomplished without the use of actual force or physical violence, is unpersuasive. White's alleged robbery may be a "crime of violence" under either the "elements" clause or the "residual" clause of § 924(c)(3). On a pretrial motion to dismiss, the court will not invade the province of the jury and decide whether White's alleged robbery is a "crime of violence." *See Jensen*, 93 F.3d at 669. At this stage in the prosecution, it is sufficient that the jury could find that White's alleged robbery is a "crime of violence" under either definition. Thus, count four of White's indictment should not be dismissed.

ACCORDINGLY, and for good cause shown,

IT IS HEREBY RECOMMENDED that White's motion to dismiss count four of his indictment (Doc. #93) should be DENIED.

IT IS SO RECOMMENDED.

DATED this 16th day of March, 2016.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE